Alexander Del Giorno, J.
This is a motion for an order directing that the claim be placed at the head of the calendar for the September 1959 Term. The claim is for personal injuries sustained by claimant as a result of the alleged negligence of the State.
The claim was served on April 18, 1957. The case appeared on the calendar and was dismissed by order entered February 3, 1958, for failure of claimant to appear. It was restored to the calendar by order filed March 18, 1958, with the provision that it be marked “Ready” when reached. A statement of readiness was filed prior to September 8, 1958, and on that date the case appeared on the calendar. Upon claimant’s request, the claim' was placed on the General Calendar. On February 17, 1959, a second statement of readiness was filed. On the calendar of September 14, 1959, the claim bore calendar number 335.
Simultaneously with the filing of the claim in this court, a concurrent action was commenced in the Supreme Court, Queens County. The trial of the latter action began on January 5, 1959 and ended on January 22,1959. After trial, judgment was entered against Joseph Murray and Veronica Agnes Butler, administrator of the goods, chattels and credits of Raymond Butler, deceased, in the sum of $50,450. Judgment was rendered in favor of defendant Long Island Lighting Company. A notice of appeal was filed with the Appellate Division, Second Department. The Long Island Lighting Company moved to dismiss the appeal at the May Term of that court, at which time the court denied the motion but granted leave to renew on October 5, 1959. The within claimant’s opposition to the motion to dismiss the appeal was based upon the fact that because of the financial irresponsibility of the judgment debtors, only the sum of $20,450 was recoverable on the judgment. In addition, claimant estimates that the record on appeal will cost at least $7,000, which amount he cannot pay.
*530 Claimant states that if he succeeds on the trial of the claim in this eourt, prosecution of the appeal would become unnecessary. He believes also that if this court grants a preference, the Appellate Division in turn will grant a further adjournment of the argument on the appeal.
While under the circumstances the court' is sympathetic toward claimant because of the position in which he now finds himself, nevertheless the granting of this application in the manner requested would relegate to a secondary position all litigants now in a position prior to his on the calendar. The affidavit of claimant does not present a valid reason therefor under any rule of this eourt or under rule 151 of the Rules of Civil Practice.
Further, it is likely that the placing of this claim at the head of the calendar would prejudice the State. The State has been apprised of the Supreme Court action for the first time with the service of these motion papers. Consequently it would need time to consider the effects of various aspects of the result of the Supreme Court action with relation to the trial of the claim in this court. Nevertheless, to require claimant to expend $7,000 on the appeal from the dismissal of his case against the Long Island Lighting Company would inflict upon him a burden difficult if not impossible to bear. Therefore, the motion is granted to the extent that the claim be placed upon the Trial Calendar of November 30, 1959, and the clerk of this court is directed to effect this provision. In the interim, the State may move this court, if it sees fit to do so, concerning any question of res judicata which may be involved in the dismissal of the action in the Supreme Court against the Long Island Lighting Company.
Settle order on notice accordingly.